**United States District Court**
For the Northern District of California

1

2

3                        IN THE UNITED STATES DISTRICT COURT

4                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

5    SHERMAN LEVEL DAVIS,              )  No. C 08-1978 CW (PR)
                                       )
6              Petitioner,             )  ORDER STAYING HABEAS
                                       )  PROCEEDINGS; DIRECTING
7         v.                           )  PETITIONER TO FILE STATUS
                                       )  REPORTS; AND DIRECTING CLERK TO
8    GEORGE A. ORTIZ, Warden,          )  CLOSE THIS CASE ADMINISTRATIVELY
                                       )  UNTIL THE COURT ISSUES ORDER
9              Respondent.             )  LIFTING STAY
     _____)

10

11                              INTRODUCTION

12        Petitioner Sherman Level Davis is a prisoner of the State of

13   California who is incarcerated at California State Prison -

14   Corcoran.  He filed a pro se petition for a writ of habeas corpus

15   pursuant to 28 U.S.C. § 2254 in which he challenges the validity

16   of his state conviction.  Venue is proper because Petitioner is

17   challenging a conviction and sentence imposed by the Alameda

18   County Superior Court, which is located in this judicial district.

19   See 28 U.S.C. § 2241(d).  Petitioner has paid the full filing fee.

20                              BACKGROUND

21        According to the allegations in the petition, a jury found

22   Petitioner guilty of fourteen offenses including second-degree

23   robbery, oral copulation, attempted robbery, and felon in

24   possession of a firearm.  Petitioner was sentenced to 443 years to

25   life in prison.  The California Court of Appeal affirmed the

26   judgment of conviction in 2005, and the California Supreme Court

27   denied review later the same year.

28

**United States District Court**
For the Northern District of California

1       The present petition was filed on April 3, 2008.[1]  Petitioner

2   raises the following claims for relief:  (1) failure of trial

3   counsel to call witnesses; (2) failure of trial counsel to present

4   evidence; (3) failure of trial counsel to impeach witnesses;

5   (4) failure of trial counsel to suppress evidence;

6   (5) prosecutorial misconduct; (6) juror misconduct; (7) failure of

7   trial counsel to investigate misconduct; (8) failure of trial

8   counsel to conduct a pretrial investigation and alleged conflict

9   of interest by trial counsel; (9) a "cumulative effect of error"

10  depriving him of his Fifth, Sixth, and Fourteenth Amendment due

11  process rights; (10) error by the trial court in denying his

12  motion to dismiss his trial counsel; and (11) error by the trial

13  court denying his equal protection and due process rights as

14  guaranteed under the United States Constitution.

15                              DISCUSSION

16  I.   Standard of Review

17       A district court may entertain a petition for a writ of

18  habeas corpus "in behalf of a person in custody pursuant to the

19  judgment of a State court only on the ground that he is in custody

20  in violation of the Constitution or laws or treaties of the United

21

22       [1] A <u>pro se</u> federal habeas petition is deemed filed on the date
it is delivered to prison authorities for mailing.  <u>See</u> <u>Saffold v.</u>
23  <u>Newland</u>, 250 F.3d 1262, 1268 (9th Cir. 2001), <u>vacated and remanded on</u>
<u>other grounds</u>, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002) (holding that a
24  federal or state habeas petition is deemed filed on the date the
prisoner submits it to prison authorities for mailing, rather than the
25  date it is received by the courts).  April 3, 2008 is the date the
instant petition was signed and the earliest date that the petition
26  could have been delivered to prison authorities for mailing.  The
Court assumes for the purposes of this discussion that the petition
27  was delivered to prison authorities on that date.

28                                  2

1    States."   28 U.S.C. § 2254(a); <u>see</u> <u>Rose v. Hodges</u>, 423 U.S. 19, 21

2    (1975).   The court shall issue an order directing the respondent

3    to show cause why the writ should not be granted unless it plainly

4    appears from the petition that the petitioner is not entitled to

5    relief.   <u>See</u> 28 U.S.C. § 2243; Rule 4 of the Rules Governing

6    Habeas Corpus Cases Under Section 2254.

7    II.   Timeliness

8         The Antiterrorism and Effective Death Penalty Act of 1996

9    (AEDPA), which became law on April 24, 1996, imposed a statute of

10   limitations on petitions for a writ of habeas corpus filed by

11   state prisoners.   Petitions filed by prisoners challenging non-

12   capital state convictions or sentences must be filed within one

13   year of the latest date on which: (A) the judgment became final

14   after the conclusion of direct review or the time passed for

15   seeking direct review; (B) an impediment to filing an application

16   created by unconstitutional state action was removed, if such

17   action prevented petitioner from filing; (C) the constitutional

18   right asserted was recognized by the Supreme Court, if the right

19   was newly recognized by the Supreme Court and made retroactive to

20   cases on collateral review; or (D) the factual predicate of the

21   claim could have been discovered through the exercise of due

22   diligence.   28 U.S.C. § 2244(d)(1)(A)-(D).   Also, "[t]he time

23   during which a properly filed application for state post-

24   conviction or other collateral review with respect to the

25   pertinent judgment or claim is pending shall not be counted toward

26   any period of limitation."   <u>Id.</u> § 2244(d)(2).

27        A state prisoner with a conviction finalized after April 24,

28                                    3

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1    1996, such as Petitioner, ordinarily must file his federal habeas

2    petition within one year of the date his process of direct review

3    came to an end.  See Calderon v. United States District Court

4    (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part

5    on other grounds by Calderon v. United States District Court

6    (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).

7         The one-year period generally will run from "the date on

8    which the judgment became final by conclusion of direct review or

9    the expiration of the time for seeking such review."  28 U.S.C.

10   § 2244(d)(1)(A).  "Direct review" includes the ninety-day period

11   during which a criminal appellant can file a petition for a writ

12   of certiorari from the United States Supreme Court, whether he

13   actually files such a petition or not.  Bowen v. Roe, 188 F.3d

14   1157, 1159 (9th Cir. 1999).

15        In the present case, the judgment became final for purposes

16   of the statute of limitations on May 5, 2006 because Petitioner

17   did not file a petition for a writ of certiorari in the United

18   States Supreme Court within ninety days.  Id.  Accordingly,

19   Petitioner was required to file a federal habeas corpus petition

20   no later than May 4, 2007.  Because he did not file the present

21   petition until April 16, 2008 -- nearly a year after the

22   limitations period had expired -- the petition is untimely unless

23   he can show that he is entitled to equitable tolling.[2]

24        The one-year limitations period can be equitably tolled

25

26        [2] Because Petitioner has not yet filed for any collateral relief
     in the state courts, the Court need not consider whether he is
27   entitled to statutory tolling.

28                                         4

1    because § 2244(d) is a statute of limitations and not a

2    jurisdictional bar.  See Beeler, 128 F.3d at 1288.  "When external

3    forces, rather than a petitioner's lack of diligence, account for

4    the failure to file a timely claim, equitable tolling of the

5    statute of limitations may be appropriate."  Miles v. Prunty, 187

6    F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling will not be

7    available in most cases because extensions of time should be

8    granted only if "'extraordinary circumstances' beyond [a]

9    prisoner's control make it impossible to file a petition on time."

10   Beeler, 128 F.3d at 1288 (citation and internal quotation marks

11   omitted).  The prisoner must show that "the 'extraordinary

12   circumstances' were the cause of his untimeliness."  Spitsyn v.

13   Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  The

14   Ninth Circuit has said that the petitioner "bears the burden of

15   showing that this extraordinary exclusion should apply to him."

16   Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  "'[T]he

17   threshold necessary to trigger equitable tolling [under AEDPA] is

18   very high, lest the exceptions swallow the rule.'"  Id. at 1066

19   (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th

20   Cir.), cert. denied, 531 U.S. 878 (2000)).  The grounds for

21   granting equitable tolling are "highly fact dependant".  Lott v.

22   Mueller, 304 F.3d 918, 923 (9th Cir. 2002).  Where a prisoner

23   fails to show "any causal connection" between the grounds upon

24   which he asserts a right to equitable tolling and his inability to

25   file a federal habeas application timely, the equitable tolling

26   claim will be denied.  Gaston v. Palmer, 417 F.3d 1030, 1034-35

27   (9th Cir. 2005), amended, 447 F.3d 1165 (9th Cir. 2006).

28                                    5

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    However, "[r]ather than let procedural uncertainties

2    unreasonably snuff out a constitutional claim, the issue of when

3    grave difficulty merges literally into 'impossibility' should be

4    resolved in [a petitioner's] favor." Lott, 304 F.3d at 920.  When

5    a prisoner is proceeding pro se, his allegations regarding

6    diligence in filing a federal petition on time must be construed

7    liberally. Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006).

8    Attached to the petition is a motion entitled "Motion and

9    Declaration of Good Cause for 'Equitable Tolling' and Extension of

10   Time to File Federal Petition - Criminal Conviction" filed by

11   Petitioner in his previous habeas action, Case no. C 07-04447 MJJ

12   (PR).  (Aug. 20, 2007 Mot. in Case no. C 07-04447 MJJ (PR) at 1.)

13   The document presents the reasons why Petitioner believes he is

14   entitled to equitable tolling but contains neither grounds for

15   relief nor a statement of federal jurisdiction.  On October 2,

16   2007, United States District Court Judge Martin J. Jenkins

17   dismissed Petitioner's previous habeas action for failure to state

18   a case or controversy pursuant to the United States Constitution.

19   (Oct. 3, 2007 Order in Case no. C 07-04447 MJJ (PR) at 1.)  This

20   dismissal was without prejudice to Petitioner's filing "a petition

21   for a writ of habeas corpus or a complaint for other relief."

22   (Id. at 2.)

23   In Petitioner's motion for equitable tolling in Case no.

24   C 07-04447 MJJ (PR), he states that on June 15, 2006, about one

25   month after the statute of limitations began to run, he was

26   transferred from Pleasant Valley State Prison to Corcoran State

27   Prison.  (Aug. 20, 2007 Mot. in Case no. C 07-04447 MJJ (PR) at

28                                6

**United States District Court**
For the Northern District of California

1    2.)  He states that, during the move, his legal materials were

2    "lost" and that he was prevented from preparing the instant

3    petition during the time that his materials were missing.  (<u>Id.</u> at

4    3.)  Petitioner adds that "it was a total nightmare watching those

5    eight months pass by with nothing he could do to help himself."

6    (<u>Id.</u>)  Petitioner filed a grievance in the Kings County Superior

7    Court, which apparently resulted in the return of his materials on

8    August 6, 2007.  To support this claim, Petitioner attaches a

9    letter from the California Department of Justice to Superior Court

10   Judge Lynn C. Atkinson dated August 3, 2007, which states that

11   Petitioner's materials had been "inadvertently lost by prison

12   officials" during the prisoner transfer process but that they had

13   eventually been mailed to him.  (<u>Id.</u> at 4.)  Petitioner also

14   attaches a copy of the shipping label attached to his materials

15   dated August 3, 2007.  (<u>Id.</u> at 5.)

16        Circumstances out of Petitioner's control may have made it

17   legally "impossible" for him to complete his federal habeas

18   petition within the normal statute of limitations.  According to

19   the letter to Judge Atkinson, Petitioner was deprived of his

20   original trial transcript, the appellate court's decision, and

21   other important documents.  (<u>Id.</u> at 4.)  Because a number of

22   Petitioner's claims deal with the events that occurred at trial,

23   it may have been impossible for him to submit those claims without

24   the relevant legal materials.  Therefore, the limitations period

25   may be equitably tolled from June 15, 2006 (the date of his prison

26   transfer) until August 6, 2007, the date when his materials were

27   returned to him.  Because Petitioner may be entitled to equitable

28                                   7

**United States District Court**
For the Northern District of California

1  tolling, the present petition may have been timely filed on April

2  3, 2008.   Subject to Respondent's right to contest these facts,

3  the Court will not dismiss the petition on its own motion for

4  untimeliness.

5  III. Exhaustion

6       Prisoners in state custody who wish to challenge in federal

7  habeas proceedings either the fact or length of their confinement

8  are first required to exhaust state judicial remedies by

9  presenting the highest state court available with a fair

10  opportunity to rule on the merits of each and every claim they

11  seek to raise in federal court.  See 28 U.S.C. § 2254(b),(c); Rose

12  v. Lundy, 455 U.S. 509, 515-16 (1982).   If available state

13  remedies have not been exhausted as to all claims, the district

14  court must dismiss the petition.   Id. at 510; Guizar v. Estelle,

15  843 F.2d 371, 372 (9th Cir. 1988).

16       Petitioner concedes that he has not exhausted his state

17  remedies as to claims one through nine.   However, he alleges that

18  he has appealed claims ten and eleven to the California Court of

19  Appeal and the California Supreme Court.   It appears that

20  Petitioner has filed a mixed petition containing exhausted and

21  unexhausted claims.   Therefore, the action must be dismissed as a

22  mixed petition under Rose, 455 U.S. at 510, or in the alternative,

23  Petitioner may elect to delete the unexhausted claim and proceed

24  on the remaining claims.

25  IV.   Request to Stay Mixed Petition

26       Exhibit four of Petitioner's habeas petition, entitled

27  "Notice" asks the Court to stay this case in order to allow him to

28                                      8

exhaust claims one through nine in state court.  (Pet'r Ex. 4.)

Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 416 (2005) (citing <u>Rhines</u>, 544 U.S. at 277-78).  District courts have the authority to issue stays and the AEDPA does not deprive them of that authority.  <u>Rhines v. Webber</u>, 544 U.S. 269, 277-78 (2005).  The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court.  <u>Id.</u>  Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, it is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious.  <u>Id.</u>  Moreover, when granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable time limits on a petitioner's trip to state court and back."  <u>Id.</u> at 278.  "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in

9

**United States District Court**
For the Northern District of California

1    intentionally dilatory litigation tactics." <u>Rhines</u>, 544 U.S. at

2    278.  In such circumstances, the district court should stay,

3    rather than dismiss, the mixed petition.  <u>Id.</u> (citing <u>Rose</u>, 455

4    U.S. at 522 (the total exhaustion requirement was not intended to

5    "unreasonably impair the prisoner's right to relief")).

6         Petitioner claims that, in the aftermath of his prison

7    transfer, he was concerned that if he were to pursue his state

8    court petition prior to his federal petition, he would be denied

9    an opportunity to present his case in federal court due to the

10   statute of limitations.  He states, "I felt that now that all of

11   my legal materials were returned to me . . . [i]t was important

12   that [I] exercise complete diligence in getting [my] completed

13   habeas corpus to this Court."  (<u>Id.</u>)  Apparently, Petitioner has

14   filed a "protective" petition to safeguard his federal habeas

15   corpus rights.

16        Under the circumstances alleged by Petitioner, he has

17   demonstrated good cause for his failure to exhaust his claims in

18   state court.  Liberally construed, Petitioner's unexhausted claims

19   -- including allegations of ineffective assistance of counsel,

20   prosecutorial misconduct, juror misconduct, cumulative error and

21   trial court error -- are all cognizable bases for federal habeas

22   relief.  This is Petitioner's first habeas petition, and there is

23   no evidence that he seeks the stay for improper purposes.  <u>See</u>

24   <u>Fetterly v. Paskett</u>, 997 F.2d 1295, 1301-02 (9th Cir. 1993)

25   (holding that a stay for the purpose of permitting exhaustion of

26   unexhausted claims should be granted only if the claims petitioner

27   seeks to pursue are cognizable under § 2254; there is a likelihood

28                                    10

of prejudice to petitioner if the stay is not granted; and there
is no evidence that the motion for a stay is brought to delay,
vex, or harass, or that the request is an abuse of the writ).
Accordingly, Petitioner's request for a stay of habeas proceedings
pending exhaustion of claims one through nine is GRANTED.

CONCLUSION

These proceedings are hereby STAYED pending Petitioner's
exhaustion of his state judicial remedies.  Petitioner must act
diligently in exhausting his state judicial remedies, or the stay
may be lifted.  He must file quarterly reports describing the
progress of his state court proceedings, commencing thirty (30)
days from the date of this Order and continuing every ninety (90)
days thereafter until his state court proceedings are terminated.
He must also attach to his status reports copies of the cover page
of any document that he files with or receives from the state
courts relating to the claims.

The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file
pending the stay of this action.  Nothing further will take place
in this action until Petitioner receives a final decision from the
highest state court and, within thirty (30) days of doing so,
moves to reopen the action, lift the Court's stay and amend the
stayed petition to add the newly-exhausted claims.

Additionally, Petitioner has named Derral G. Adams as
Respondent.  The rules governing relief under 28 U.S.C. § 2254
require a person in custody pursuant to the judgment of a state
court to name the "'state officer having custody'" of him as the
respondent.  See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th

11

**United States District Court**
For the Northern District of California

1  Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus

2  Cases Under Section § 2254).   The proper respondent is George A.

3  Ortiz, the warden at Corcoran State Prison where Petitioner is

4  incarcerated.   Therefore, the Court directs the Clerk of the Court

5  to replace Derral G. Adams with Warden Ortiz as Respondent in this

6  action.

7       IT IS SO ORDERED.



8  DATED: 7/7/08
   _____
9                                CLAUDIA WILKEN
                                 United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  P:\PRO-SE\CW\HC.08\Davis1978.STAYexh.wpd      12

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SHERMAN L DAVIS,                                    Case Number: CV08-01978 CW

            Plaintiff,                          **CERTIFICATE OF SERVICE**

  v.

DERRAL G ADAMS et al,

           Defendant.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 7, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sherman Level Davis
Corcoran State Prison
Prisoner Id D-40369
4B2L-1
P.O. Box 8800
Corcoran, CA 93212

Dated: July 7, 2008

                             Richard W. Wieking, Clerk
                             By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\HC.08\Davis1978.STAYexh.wpd          13