IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN L. DAVIS, | No. C 08-01978 CW (PR) |
| Petitioner, | ORDER DENYING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY AND SETTING BRIEFING SCHEDULE |
| v. | |
| DERRAL G. ADAMS, WARDEN, | (Docket no. 14) |
| Respondent. | |

INTRODUCTION

Petitioner Sherman Level Davis, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 while he was incarcerated at California State Prison - Corcoran. Petitioner has since been transferred to Kern Valley State Prison. He challenges the validity of his state conviction. Before the Court is Respondent's motion to dismiss the petition, alleging that Petitioner's claims are untimely under 28 U.S.C. § 2244(d), the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner has filed an opposition, and Respondent has filed his reply.

For the reasons discussed below, the Court DENIES Respondent's motion to dismiss.

PROCEDURAL BACKGROUND

On January 20, 2004, the trial court sentenced Petitioner to 443 years to life for fourteen offenses, including second-degree robbery, forced oral copulation, attempted robbery and possession of a firearm by a convicted felon. The California Court of Appeal affirmed the judgment of conviction on October 21, 2005, and the

California Supreme Court denied review on February 1, 2006.

On April 3, 2008, Petitioner filed the present federal habeas petition claiming:

> (1) failure of trial counsel to call witnesses;
> (2) failure of trial counsel to present evidence;
> (3) failure of trial counsel to impeach witnesses;
> (4) failure of trial counsel to suppress evidence;
> (5) prosecutorial misconduct; (6) juror misconduct;
> (7) failure of trial counsel to investigate misconduct;
> (8) failure of trial counsel to conduct a pretrial
> investigation and alleged conflict of interest by trial
> counsel; (9) a "cumulative effect of error" depriving
> him of his Fifth, Sixth, and Fourteenth Amendment due
> process rights; (10) error by the trial court in
> denying his motion to dismiss his trial counsel; and
> (11) error by the trial court denying his equal
> protection and due process rights as guaranteed under
> the United States Constitution.

(July 7, 2008 Order at 2.)

In an Order dated July 7, 2008, the Court stayed his federal petition pending exhaustion of state court remedies as to claims one through nine. On August 17, 2009, Petitioner filed a state habeas petition form along with a document entitled, "Notice," which stated that he had "exhausted all state remedies of the (1-9) previously unexhausted claims." (Notice at 1.) The Court lifted the stay on October 16, 2009 and ordered Respondent to file an answer.

DISCUSSION

AEDPA imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences generally must be filed within one year of the date on which the judgment became final after the conclusion of direct review or the time has passed for seeking direct review. "Direct review" includes the ninety-day period during which a criminal

**United States District Court**
For the Northern District of California

appellant can file a petition for a writ of certiorari from the United States Supreme Court, whether he actually files such a petition or not.  <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999).

In its July 7, 2008 Order, the Court previously considered whether the petition was timely:

> In the present case, the judgment became final for purposes of the statute of limitations on May 5, 2006 because Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court within ninety days.  Accordingly, Petitioner was required to file a federal habeas corpus petition no later than May 4, 2007.  Because he did not file the present petition until April 16, 2008 -- nearly a year after the limitations period had expired -- the petition is untimely unless he can show that he is entitled to equitable tolling.[1]

(July 7, 2008 Order at 4 (footnote added and citation omitted).)

The Supreme Court has determined that AEDPA's statute of limitations is subject to equitable tolling in appropriate cases.  <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2560 (2010).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).  Equitable tolling will not be available in most cases because extensions of time should be

---

[1] As of the Court's July 7, 2008 Order, Petitioner had not filed for collateral relief in the state courts; therefore, the Court did not consider whether he was entitled to statutory tolling.  As stated above, Petitioner subsequently filed a state habeas petition in the California Supreme Court and exhausted his state remedies as to claims one through nine.  Because Petitioner only began seeking habeas relief in state court on August 18, 2008 -- after the one-year statute of limitations had expired -- the period of time his claims were pending in state court cannot serve to toll the statute.  <u>See</u> <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003).

United States District Court
For the Northern District of California

granted only if "extraordinary circumstances beyond [a] prisoner's control make it impossible to file a petition on time." Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (citation and internal quotation marks omitted), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).  Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Indeed, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Id. at 1066 (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir.), cert. denied, 531 U.S. 878 (2000)).

However, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a petitioner's] favor." Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002).  When a prisoner is proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be construed liberally. Roy v. Lampert, 465 F.3d

964, 970 (9th Cir. 2006).

In its July 7, 2008 Order, the Court summarized the circumstances Petitioner alleged warranted equitable tolling:

> [H]e states that on June 15, 2006, about one month after the statute of limitations began to run, he was transferred from Pleasant Valley State Prison to Corcoran State Prison. (Aug. 20, 2007 Mot. in Case no. C 07-04447 MJJ (PR) at 2.) He states that, during the move, his legal materials were "lost" and that he was prevented from preparing the instant petition during the time that his materials were missing. (Id. at 3.) Petitioner adds that "it was a total nightmare watching those eight months pass by with nothing he could do to help himself." (Id.) Petitioner filed a grievance in the Kings County Superior Court, which apparently resulted in the return of his materials on August 6, 2007. To support this claim, Petitioner attaches a letter from the California Department of Justice to Superior Court Judge Lynn C. Atkinson dated August 3, 2007, which states that Petitioner's materials had been "inadvertently lost by prison officials" during the prisoner transfer process but that they had eventually been mailed to him. (Id. at 4.) Petitioner also attaches a copy of the shipping label attached to his materials dated August 3, 2007. (Id. at 5.)

(July 7, 2008 Order at 6-7.) On June 21, 2007, two boxes containing Petitioner's legal notes and police reports were returned to him. (Opp'n at 3.) However his trial transcript and state appellate briefs were never found. It was not until August 6, 2007 that he was given copies of these documents by the Attorney General's office. (Id.)

The Court found that Petitioner may be entitled to equitable tolling, stating:

> Circumstances out of Petitioner's control may have made it legally "impossible" for him to complete his federal habeas petition within the normal statute of limitations. According to the letter to Judge Atkinson, Petitioner was deprived of his original trial transcript, the appellate court's decision, and other important documents. Because a number of Petitioner's claims deal with the events that occurred at trial, it may have been impossible for him to submit those claims

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1
2
3
4

> without the relevant legal materials.  Therefore, the limitations period may be equitably tolled from June 15, 2006 (the date of his prison transfer) until August 6, 2007, the date when his materials were returned to him.  Because Petitioner may be entitled to equitable tolling, the present petition may have been timely filed on April 3, 2008.

5   (July 7, 2008 Order at 7-8 (citation omitted).)  The Court then

6   gave the Respondent a chance to rebut Petitioner's assertions,

7   stating: "Subject to Respondent's right to contest these facts,

8   the Court will not dismiss the petition on its own motion for

9   untimeliness."  (July 7, 2008 Order at 8.)

10       In the present motion to dismiss, Respondent presents two

11   arguments to support his contention that equitable tolling is not

12   appropriate because Petitioner did not demonstrate that the

13   extraordinary circumstances prevented him from filing a timely

14   petition.

15       First, Respondent argues that Petitioner had full access to

16   his files "from the date the California Supreme Court denied

17   review on February 1, 2006 until June 15, 2007," and that

18   Petitioner fails to explain why this time was insufficient to file

19   a timely petition.  (Reply at 2.)  Respondent incorrectly

20   calculates the period for which Petitioner must show diligence.

21   As mentioned above, Petitioner claims that his legal materials

22   were lost on June 15, 2006, about one month after the limitations

23   period began to run on May 5, 2006.  (Opp'n at 3.)  He also

24   alleges that he began working on his federal petition prior to the

25   prison transfer, but the draft was lost during his transfer and

26   never recovered.  (Id.)  The ninety-day time frame after the state

27   supreme court's denial of review is allocated to allow Petitioner

28   to file a petition for a writ of certiorari in the United States

United States District Court
For the Northern District of California

Supreme Court; therefore, the limitations period only began to run after the ninety days elapsed, even if Petitioner did not file the certiorari petition. <u>See</u> <u>Bowen</u>, 188 F.3d at 1159. Petitioner cannot be penalized for his alleged lack of diligence in preparing a federal habeas petition during the time before the limitations period began to run. Moreover, any diligence in preparing a federal habeas petition on Petitioner's part prior to the transfer would have been fruitless because, as mentioned above, the petition he had begun to draft was lost along with the rest of his legal materials. (Opp'n at 3.)

Furthermore, Petitioner never recovered his own copies of the trial transcript and appellate briefs or the draft of his federal habeas petition. He diligently attempted to locate the legal materials he needed to prepare another draft of his federal habeas petition. He notified prison officials that his property was missing and made multiple requests -- beginning nine months before his limitations period ended -- to the prison and state superior court for assistance in locating and returning it. (<u>Id.</u> at 2-3.) Petitioner cannot be faulted because, despite his diligent efforts, it took 371 days for his copies of police reports and legal notes to be returned by the prison and forty-six additional days for the Attorney General's Office to replace his missing trial transcript and appellate briefs. Once he received these materials, Petitioner filed the present petition within a reasonable time frame -- approximately eight months later. (<u>Id.</u> at 4.)

Second, Respondent contends that Petitioner's lost legal materials were not needed to formulate the habeas petition.

7

United States District Court
For the Northern District of California

Respondent bases this claim on the frequency with which Petitioner cites the trial transcript in the present habeas petition, which he characterizes as "rarely." (Reply at 2.) Respondent's argument is unavailing. As the Court noted in its Order Staying Habeas Proceedings, "[b]ecause a number of Petitioner's claims deal with the events that occurred at trial, it may have been impossible for him to submit those claims without the relevant legal materials." (July 7, 2008 Order at 7.) Petitioner argues that his legal materials were essential to formulate and organize his claims involving multiple witnesses, several state agencies and various articles of evidence from the trial. (Opp'n at 3-4.)

Because Respondent has failed successfully to contest Petitioner's allegation that the legal materials were necessary to file a timely federal petition, Petitioner is entitled to equitable tolling.

In sum, the limitations period started to run on May 5, 2006. After forty-one days had elapsed, on June 15, 2006, Petitioner's legal materials were lost. The limitations period is equitably tolled for 417 days (371 days plus 46 days), from June 15, 2006 through August 6, 2007, when Petitioner received his legal materials. The limitations period then continued to run for 242 additional days -- from August 6, 2007 until April 3, 2008, when he filed the present petition. Because only 283 days (41 days plus 242 days) of the limitations period elapsed before Petitioner filed his federal petition, he is well within AEDPA's one-year statute of limitations. Therefore, the present petition is timely filed.

8

1   Accordingly, the Court DENIES Respondent's motion to dismiss

2   the federal petition as untimely (docket no. 14).

3                            CONCLUSION

4       For the foregoing reasons,

5       1.   Respondent's motion to dismiss the petition as untimely

6   (docket no. 14) is DENIED.

7       2.   Within sixty (60) days of the date of this Order,

8   Respondent shall file an Answer showing cause why a writ of habeas

9   corpus should not be issued.  Respondent shall file with the

10  Answer a copy of all state records that have been transcribed

11  previously and that are relevant to a determination of the issues

12  presented by the petition.

13      3.   If Petitioner wishes to respond to the Answer, he shall

14  do so by filing a Traverse with the Court and serving it upon

15  Respondent within thirty (30) days of his receipt of the Answer.

16  Should Petitioner fail to do so, the petition will be deemed

17  submitted and ready for decision thirty (30) days after the date

18  Petitioner is served with Respondent's Answer.

19      4.   It is Petitioner's responsibility to prosecute this case.

20  Petitioner must keep the Court and Respondent informed of any

21  change of address and must comply with the Court's orders in a

22  timely fashion.  Failure to do so may result in the dismissal of

23  this action for failure to prosecute pursuant to Federal Rule of

24  Civil Procedure 41(b).  Petitioner must also serve on Respondent's

25  counsel all communications with the Court by mailing a true copy

26  of the document to Respondent's counsel.

27      5.   Extensions of time are not favored, though reasonable

28

9

extensions will be granted.  Any motion for an extension of time must be filed no later than <u>ten (10) days</u> prior to the deadline sought to be extended.

6.  This Order terminates Docket no. 14.

IT IS SO ORDERED.

DATED: 7/30/2010



CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SHERMAN L DAVIS,

              Plaintiff,

   v.

DERRAL G ADAMS et al,

              Defendant.

_____/

Case Number: CV08-01978 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 30, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Sherman Level Davis
CSP-Kern Valley (FBB1-209)
Prisoner Id D-40369
P.O. Box 5102
3000 West Cecil Ave.
Delano,  CA 93216-6000

Dated: July 30, 2010

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

United States District Court
For the Northern District of California